IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SAMPSON HUNTER and LUZELENA FLORES,<br><br>              Plaintiffs,<br><br>  v.<br><br>SANTA ROSA SHERIFF'S DEPARTMENT, et al.,<br><br>             Defendants. | Case No. C 14-5389 PSG (PR)<br><br>**ORDER TO SHOW CAUSE; DISMISSING CO-PLAINTIFF** |

David Sampson Hunter and Luzelena Flores, proceeding *pro se*, brought this civil rights action pursuant to 42 U.S.C. § 1983.[1] Hunter also has filed a motion for leave to proceed in forma pauperis ("IFP"). For the reasons stated below, the court orders Hunter to show cause why his motion for leave to proceed IFP should not be denied, and dismisses Flores from this action.

## I.  DISCUSSION

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C.

---

[1] On December 18, 2014, Hunter consented to magistrate judge jurisdiction.

§ 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

For purposes of a dismissal that may be counted under Section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation: the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"[3] Only cases within one of these three categories can be counted as strikes for Section 1915(g) purposes.[4] Dismissal of an action under Section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."[5]

A prisoner must be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but the prisoner nevertheless bears the ultimate burden of persuasion that Section 1915(g) does not bar pauper status for him.[6] The court may raise a Section 1915(g) problem *sua sponte*, but must notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.[7] A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action as a pauper under Section 1915(g), but he still may

---

[2] 28 U.S.C. § 1915(g).

[3] *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).

[4] *See id.*

[5] *Id.*

[6] *Id.*

[7] *See id.* at 1120.

Case No. C 14-5389 PSG (PR)
ORDER TO SHOW CAUSE; DISMISSING CO-PLAINTIFF

1 pursue his claims if he pays the full filing fee at the outset of the action.

2   A review of the dismissal orders in Hunter's prior prisoner actions reveals that he has had
3 at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to
4 state a claim upon which relief may be granted. Hunter is now given notice that the court
5 believes the following federal district court dismissals may be counted as dismissals for purposes
6 of Section 1915(g): (1) *Hunter v. Marshall*, N.D. Cal. Case No. C 95-982 MHP (civil rights
7 action dismissed as factually and legally frivolous), (2) *Hunter v. First Appellate District*, N.D.
8 Cal. Case No. C 95-4258 MHP (pleading filed on § 2255 motion form construed as a civil rights
9 action and dismissed as frivolous); and (3) *Hunter v. Mandeville*, N.D. Cal. Case No. C 95-2443
10 MHP (civil rights action dismissed for failure to state a claim). The court made its evaluation of
11 the first two cases based on the dismissal orders and the third case based on the docket sheet.[8]

12   In light of these dismissals, Hunter is ORDERED TO SHOW CAUSE in writing why
13 pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C.
14 § 1915(g).[9] In the alternative to showing cause why this action should not be dismissed, Hunter
15 may avoid dismissal by paying the full $400.00 filing fee by the deadline.

16   In addition, based on several of the pleadings Hunter has filed, it appears Hunter may be
17 trying to fit within the imminent danger exception to Section 1915(g). If he wishes to do so, he
18 must file one pleading describing the facts showing the imminent physical danger. This one
19 comprehensive pleading shall supersede the two motions and two declarations plaintiff has thus
20 far filed regarding "imminent danger."[10] It will suffice if plaintiff "makes a plausible allegation

---

[8]  *See Andrews I*, 398 F.3d at 1120.

[9]  Hunter has recently filed at least two other previous actions: *Hunter v. Mark*, No. 14-1446 PSG (pr) and *Hunter v. Paetzold*, 14-3233 PSG (pr). In both cases, the court denied plaintiff's motions for leave to proceed IFP under 28 U.S.C. § 1915 after concluding that Hunter had filed at least three actions in federal court that were dismissed as frivolous, malicious, or failing to state a claim. Ultimately, these actions were dismissed.

[10]  *See* Docket Nos. 8, 9, 23, and 24.

Case No. C 14-5389 PSG (PR)
ORDER TO SHOW CAUSE; DISMISSING CO-PLAINTIFF
3

that [he] faced 'imminent danger of serious physical injury' at the time of filing."[11]  Hunter should be particularly careful to show the connection between the alleged imminent danger and the claims he asserts in his complaint as the statute requires that he show he was in imminent danger at the time he filed his complaint.

The court notes that this complaint is filed jointly by Hunter and an inmate named Luzelena Flores. "A district court possesses inherent power over the administration of its business."[12]  This power includes the authority to promulgate and enforce rules for the management of litigation and its docket.[13]  Courts have broad discretion regarding the permissive joinder of parties.[14]

Here, even assuming that the requirements for Rule 20(a) are satisfied, the court finds that actions brought by multiple *pro se* prisoners present unique problems not presented by ordinary civil litigation.  For example, transfer of one or both plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion.  Here, the court notes that Hunter and Flores are not housed in the same institution.  Further, the need for both Hunter and Flores to agree on all filings made in this action, and the need for all filings to contain the original signatures of both Hunter and Flores may lead to further delays and confusion, which does not promote efficiency. To avoid the potential prejudice to individual plaintiffs and delayed case management, therefore,

---

[11] *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) ("*Andrews II*").

[12] *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995).

[13] *See id.* (citations omitted).

[14] *See* Fed. R. Civ. P. 20, 21; *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (recognizing that under Rule 20(a), joinder is proper if "(1) the plaintiffs asserted a right to relief arising out of the same transaction and occurrence and (2) some question of law or fact common to all the plaintiffs will arise in the action," and then courts must consider whether permissive joinder "would comport with the principles of fundamental fairness or would result in prejudice to either side.").

Case No. C 14-5389 PSG (PR)
ORDER TO SHOW CAUSE; DISMISSING CO-PLAINTIFF

the court will not allow joinder of the Hunter and Flores.[15]  Flores is therefore DISMISSED.  Flores may commence a separate civil rights action to litigate her claims.

## II.  CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

Hunter is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  If Hunter is so inclined, he may avoid dismissal by paying the $400.00 filing fee.  In any event, the court will continue to review under Section 1915(g) all future actions filed by Hunter while he is incarcerated in which he seeks IFP status.  Failure to file a timely response or failure to pay the full filing fee will result in the dismissal of this action without further notice.

Flores is DISMISSED.

IT IS SO ORDERED.

DATED:  4/8/2015

                                            PAUL S. GREWAL
                                            United States Magistrate Judge

---

[15] *See, e.g.*, *Webb v. California Dept. of Corrections and Rehabilitation*, No. 14-cv-01528-MJS (PC), 2014 WL 5361961, at *2 (E.D. Cal. Oct. 21, 2014) (denying request to permit joinder of incarcerated co-plaintiffs because the logistics of case management "becomes impossibly burdensome"); *Pratt v. Hedrick*, No. 13-4557 SI (pr), 2014 WL 280626, at *5 (N.D. Cal. Jan. 24, 2014) (denying motion to join additional plaintiffs because of the potential of delays and confusion).

Case No. C 14-5389 PSG (PR)
ORDER TO SHOW CAUSE; DISMISSING CO-PLAINTIFF
5